**ADVISORY OPINION TO THE GOVERNOR**

31 So. (2nd) 854                                                    June Term, 1947
September 5, 1947                                                          En Banc

PER CURIAM:

September 5, 1947.

Hon. Millard F. Caldwell, Governor
The Capitol,
Tallahassee, Florida.
Dear Governor:

We are in receipt of your letter of September 3rd, 1947, pursuant to Section 13, Article IV of the Constitution, as follows:

"To The Honorable, The Chief Justice
 and Justices of the Supreme Court
   of the State of Florida.
"Gentlemen:

"Prior to the 1947 Session of the State Legislature, the County School Boards in fifty-nine counties of the State were,

under the applicable law, composed of three members, and the remaining eight counties of the State were composed of five members.

"During the 1947 Session of the State Legislature certain provisions of the State School Code were amended by Chapter 23726.

"Section 5 of Chapter 23726 provides:

" 'Section 5. Section 230.04, Florida Statutes, 1941, is hereby amended to read as follows: 230.04. MEMBERSHIP OF COUNTY BOARD. *The county board in each county shall be composed of five members.* Each member of the county board shall be a qualified elector of the county in which he serves, and shall be a resident of the county board member residence district from which he is elected as hereinafter prescribed.' (Underscoring supplied.)

"Section 6 of said Chapter 23726 provides:

" 'Section 6. Section 230.06, Florida Statutes, 1941, is hereby amended to be read as follows: 230.06. COUNTY BOARD MEMBER RESIDENCE DISTRICTS. For the purpose of nominating and electing county board members, each county shall be divided into five county board member residence districts, the boundaries and numbers of which shall conform to the boundaries and numbers of election districts for county commissioners, provided, however, upon resolution duly adopted by a county board *within six months from the time this law becomes effective* a county can be divided into five numbered county board member residence districts so as to place in each district, as nearly as practicable, the same number of qualified electors, the lines of said districts to be so drawn as to place each election precinct wholly within one or another of the county board election districts.' (Underscoring supplied.)

"Section 7 of said Chapter 23726 provides:

" 'Section 7. Section 230.08, Florida Statutes, 1941, is hereby amended to read as follows: 230.08. NOMINATION IN PRIMARY ELECTIONS. Each political party holding a primary election during any election year shall nominate one nominee for membership on the county board from each county board member residence district from which a mem-

ber is to be elected that year in accordance with the plan prescribed in Section 230.09, Florida Statutes, 1941, as amended; the nomination from each county board member residence district to be by vote of the qualified electors of the entire county.'

"Section 8 of said Chapter 23726 provides:

" 'Section 8. Section 230.09, Florida Statutes, 1941, is hereby amended to read as follows: 230.09. ARRANGEMENT OF TERMS. County Board Members shall be elected at the general elections held in November, their terms to be arranged as follows:

" '(1) In counties which now have five board members, the terms shall be arranged as at present with three members elected at one general election and two members elected at the next ensuing general election.

" '(2) In counties which now have three county board members, at the general election to be held in 1948, one member shall be elected from each of the county board member residence districts numbered two and four respectively for four year terms, and one member shall be elected from the county board member residence district numbered five for a two year term. At subsequent general elections members of the county board shall be elected for four year terms on the basis of the plan outlined herein so that three members are elected at one general election and two members are elected at the next ensuing general election.'

"Section 9 of said Chapter 23726 provides:

" 'Section 9. Section 230.10, Florida Statutes, 1941, is hereby amended to read as follows: 230.10. ELECTION OF BOARD BY COUNTY-WIDE VOTE. The election of members of the county board shall be by vote of the qualified electors of the entire county. Each candidate who qualifies to have his name placed on the ballot of the general election shall be listed according to the county board member residence district in which he resides. Each qualified elector of the county shall be entitled to vote for one candidate from each county board member residence district. The candidate from each county board member residence district who re-

ceives the highest number of votes in the general election shall be elected to the county board.'

"Section 56 of said Chapter 23726 provides that the Act shall take effect July 1, 1947. This act was approved by me on May 20, 1947, and filed in the office of the Secretary of State on May 21, 1947.

"Availing myself of the privileges granted by Section 13 of Article IV of the Constitution, I now have the honor to request your written opinion upon the following points:

"1. Whether or not two vacancies now exist on each County School Board in the fifty-nine counties of the State of Florida which, prior to the enactment of Chapter 23726, Laws of Florida, 1947, consisted of only three members.

"2. If your answer to the foregoing question is in the affirmative, whether or not I, as Governor, have authority under Section 7 of Article IV of the Constitution, or Section 230.19, Florida Statutes, 1941, to fill such vacancies by appointment and, if so, the date upon which such appointments may be made effective.

"Respectfully,

"Millard F. Caldwell,
Governor."

We beg to advise you that it is our opinion that two vacancies now exist on each County School Board in the fifty-nine counties of the State of Florida which prior to the enactment of Chapter 23276, Laws of Florida, 1947, consisted of only three members.

It is also our view and we advise you that under the provisions of Sections 6 and 7 of Article XVIII of the Constitution of Florida it becomes your duty to fill these two vacancies existing in each county by appointment. These vacancies necessarily exist in "County Board Member Residence Districts" numbers 4 and 5 respectively.

Under the provisions of sub-paragraph (2) of amended Section 230.09, Florida Statutes, the term of the member of the Board elected in 1948 for District No. 4 will be for four years and the term of the member elected for District No. 5 will be for two years. The vacancy, however, only ap-

plies to the period existing between now and first Tuesday after the first Monday in January, 1949, and, therefore, your appointment and commission in each instance should be from the date of appointment to extend to the first Tuesday after the first Monday in January after the date of the next general election, which would be the first Tuesday after the first Monday in January, 1949.

Respectfully yours,

Elwyn Thomas
    Chief Justice

Glenn Terrell

Rivers Buford

Roy H. Chapman

Alto Adams

Harold L. Sebring

Paul D. Barns

Justices.